IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION



FILED

August 14, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 03C01-9704-CC-00119 |
| | ) | |
| Appellee | ) | |
| | ) | BLOUNT COUNTY |
| V. | ) | |
| | ) | HON. D. KELLY THOMAS, JR., |
| SHAWN T. O'MALLEY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |
| | ) | |
| | ) | |

For the Appellant:

Mack Garner
District Public Defender
419 High Street
Maryville, TN 37804

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Michael L. Flynn
District Attorney General

Philip H. Morton
Assistant District Attorney
363 Court Street
Maryville, TN 37804

OPINION FILED: _____

AFFIRMED

William M. Barker, Judge

**OPINION**

The appellant, Shawn T. O'Malley, appeals as of right the sentence he received in the Blount County Circuit Court as a result of his guilty plea to the offense of vehicular homicide. Appellant was sentenced to serve eight (8) years in the Department of Correction as a Range I offender. On appeal, he contests only the trial court's denial of alternative sentencing. We affirm.

Around 11:00 p.m. on the evening of November 6, 1995, appellant and the victim, Glenn Miller, were leaving an exotic night club in Knox County. Both appellant and the victim had been drinking. Appellant testified at the sentencing hearing that he drank four beers during the three hours that they spent at the club, while the victim drank substantially more.[1] Appellant was the designated driver.[2]

As they left the club, the victim stated that he needed to use the restroom and said that he was going to urinate on a police car that was parked in the parking lot. Although appellant cautioned against it, the victim walked toward the police car. Appellant got into his car and waited for the victim. Suddenly, the victim opened the passenger side door and started screaming for the appellant to "get the f--- out of there." Appellant sped out of the parking lot as an officer from the Knox County Sheriff's Department pursued. Appellant drove down Alcoa Highway and then turned on Singleton Station Road. At some point, officers from the Blount County Sheriff's Department and the Alcoa Police Department joined the chase, which covered approximately six miles. While driving on Singleton Station Road, appellant lost control of his 1986 Camry on the wet roadway and crashed into a utility pole. The victim died as a result of the crash.

---

[1]Appellant's blood alcohol content that evening was .13%.

[2]Testimony at the sentencing hearing indicated that the victim had been in a serious motorcycle accident several months earlier and was still recuperating from his injuries. Because he still needed assistance with a number of activities, the victim had been living with appellant for several weeks. At the time of this incident, the victim was unable to drive and had been relying on the appellant for transportation.

2

Although appellant denied any memory of the crash or what happened afterwards, police reported that he ran from the scene after the wreck and struggled with officers when apprehended. Appellant was later indicted and pled guilty to vehicular homicide by intoxication.[3] The plea agreement recommended the minimum eight (8) year sentence, with the trial court to decide the manner of service of the sentence. Following the sentencing hearing, the trial court ordered the appellant to serve his sentence in the custody of the Department of Correction.

Appellant argues on appeal that he was entitled to some form of alternative sentencing because the circumstances of his offense did not justify a complete denial of probation. He asks this Court to grant him a sentence of split confinement. We decline to do so.

When a defendant challenges his or her sentence, we must conduct a *de novo* review of the record. Tenn. Code Ann. §40-35-401(d) (1990). The sentence imposed by the trial court is accompanied by a presumption of correctness and the appealing party carries the burden of showing that the sentence is improper. Tenn. Code Ann. §40-35-401 Sentencing Commission Comments. The presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Because the trial court in this case carefully considered the relevant principles of sentencing, we afford its decision the presumption of correctness.

Initially, we note that although the appellant was eligible for an alternative sentence, he was not entitled to the presumption in favor of alternative sentencing because he was convicted of a Class B felony. Tenn. Code Ann. §40-35-102(6) (Supp. 1995); Tenn. Code Ann. §39-13-213(b) (Supp. 1995). However, as the

---

[3]Appellant was indicted on two counts alleging alternative theories of vehicular homicide: (1) as the result of conduct creating a substantial risk of death or serious bodily injury to a person; and (2) as the result of the driver's intoxication. See Tenn. Code Ann. §39-13-213 (Supp. 1995).

recipient of an eight (8) year sentence, appellant was statutorily eligible for probation. Tenn. Code Ann. §40-35-303 (Supp. 1995). While the trial court was required to automatically consider appellant for an alternative sentence, including probation, appellant bore the burden of establishing both his suitability and that an alternative to incarceration would "subserve the ends of justice and the best interest of both the public and the defendant." State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990) (quoting Hooper v. State, 297 S.W.2d 78, 81 (Tenn. 1956)); State v. Bradley Joe Housewright, No. 03C01-9705-CR-00195 (Tenn. Crim. App. at Knoxville, December 16, 1997), perm. app. filed (Tenn. Feb. 16, 1998). The trial court found that appellant failed to carry that burden. State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996).

In denying alternative sentencing, the trial court determined that confinement was necessary in order to avoid depreciating the serious nature of the offense and that measures less restrictive than confinement had been applied unsuccessfully to appellant in the past. See Tenn. Code Ann. §40-35-103(1)(B), (C) (1990). The trial court's conclusion in that regard is supported by the factual record before us.

In order to deny probation based upon the nature of the offense, the circumstances of the offense must be especially violent, shocking, reprehensible, offensive, or of an exaggerated degree so as to outweigh all other factors favoring an alternative sentence. State v. Bingham, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995) (citations omitted). In this case, appellant took the wheel of his automobile to drive home a disabled friend who trusted him for transportation. While knowingly intoxicated, appellant sped out of the parking lot of the dance bar and refused to yield to pursuing police officers for six miles. After the horrific crash, appellant attempted to flee the scene, demonstrating a callous indifference for his injured friend. Those circumstances weigh heavily against any factors that favor an alternative sentence.

Next, as determined by the trial court, measures less restrictive than confinement have been applied unsuccessfully to the appellant. Tenn. Code Ann.

4

§40-35-103(1)(C) (1990).  In 1984, appellant began serving a three (3) year probationary sentence for a conviction of larceny.  He was later sentenced to an additional four (4) months after he failed to report to his probation officer.  In addition, appellant testified that he was convicted of D.U.I. in 1986.  The commission of the instant offense indicates that he was not rehabilitated following his previous convictions.  Tenn. Code Ann. § 40-35-103(5) (1990).

Furthermore, we note that the appellant was released on bond after his arrest in the present case and he subsequently went to Arizona.  Following the indictments on vehicular homicide, he agreed to submit to Tennessee authorities, but failed to report on the scheduled date.  Over one month passed before he was finally arrested at his home in Tucson, Arizona, and an additional ten (10) days passed before he agreed to waive extradition.[4]  The trial court found that such conduct was indicative of appellant's poor potential for success if placed on probation.  We agree.

Although appellant expressed remorse, has a positive employment history, and does not have a lengthy criminal record, he has nevertheless failed to carry his burden of demonstrating suitability for an alternative sentence.  Accordingly, we affirm the judgment of the trial court ordering appellant to serve his eight (8) year sentence in the Department of Correction.

_____
William M. Barker, Judge


CONCUR:


_____
Joseph M. Tipton, Judge


_____
Curwood Witt, Judge

_____

[4]The record also shows that appellant has a history of failing to appear for court dates in Arizona.

5